UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEXANDER BAYONNE STROSS<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PR ADVISORS, LLC d/b/a PINNACLE REALTY ADVISORS and KARMEN GARDNER<br><br>　　　　Defendant | CIVIL ACTION # 3:19-cv-1086<br><br>JURY DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Alexander Bayonne Stross respectfully alleges as follows for his original complaint against PR Advisors, LLC d/b/a Pinnacle Realty Advisors and Karmen Gardner.

### PARTIES

1.　Plaintiff Alexander Stross ("Plaintiff" or "Stross") is a resident of Austin, Texas.

2.　Defendant PR Advisors, LLC d/b/a Pinnacle Realty Advisors ("Defendant" or "PRA") is a Texas limited liability company, and may be served through its registered agent BrokerBreakUp.com LLC, 5720 Marquita Ave., Suite 3, Dallas, Texas 75206 USA.

3.　Defendant Karmen Gardner ("Defendant" or "Gardner") is an individual who, upon information and belief, may be personally served at her place of business: Pinnacle Realty Advisors, 3824 Cedar Springs Rd. 801-7724, Dallas, Texas 75219.

### NATURE OF THE CLAIMS

4.　This is an action for copyright infringement under 17 U.S.C. § 101 *et seq.* and violations of the Digital Millennium Copyright Act ("DMCA"), arising in connection with Defendant's unauthorized commercial exploitation of one of Plaintiff's federally registered photographs.

## JURISDICTION and VENUE

5. This Court has subject matter jurisdiction over this action under 17 U.S.C. §§ 101 *et seq.* (the U.S. Copyright Act); and 28 U.S.C §§ 1331 (federal question) and 1338(a) (copyrights).

6. This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and because the Defendants may be found in this District.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

8. Stross is an accomplished photographer whose works have appeared in publications such as People, Country Living, Luxury Home Magazine, Luxe, Refine and New Home Guide; as well as appearing on billboards, online advertising, and on broadcast shows, including the Today Show and Yahoo! News with Katy Couric.

9. Defendant PRA is a real estate brokerage based in Dallas, Texas, doing business as Pinnacle Realty Advisors.

10. Defendant Karmen Gardner is a licensed real estate agent, sponsored by PRA.

11. Stross is the sole author and creator of the photo at issue in this action, a copy of which is set forth on the following page (the "Photo").[1] As published by Stross, the Photo

---

[1] The Photo was timely registered with the U.S. Copyright Office on November 10, 2011, registration number VAu001088759, a true and correct copy of which is attached hereto as **Exhibit A**.

appears with Stross' name and licensing information directly adjacent to the Photo, as illustrated below.



12. In or around August, 2018, Stross discovered that PRA's sponsored agent Gardner was displaying the Photo on her Pinnacle Realty Advisors website, at the following url: http://www.karmengardner.com/, as illustrated below:



13. Neither Gardner nor PRA obtained Stross' consent to copy, distribute or display the Photo, and their use of the same was in all respects unauthorized. Moreover, as displayed on Gardner's Pinnacle Realty Advisors website, she omitted attribution to Stross, and failed to include other important information, including his licensing information. Worse, appearing at the bottom of the webpage was a false and misleading copyright notice, suggesting that Gardner and "Zillow" owned the copyright to the Photo, as illustrated below:



14. After being contacted by Stross, PRA asserted that it "did not own or control the website complained of," and that "the website was the product of Gardner and Zillow." On that basis, PRA asserted that it "had no involvement." However, under Texas law, sponsoring brokers are liable for the acts of their sponsored agents. *See* Tex. Occ. Code Ann. § 1101.803; *Maida Dev., LLC v. Tarantino Props.*, No. 07-16-00014-CV, 2016 Tex. App. LEXIS 8285, at *17 (Tex. App. – Austin Aug. 2, 2016, pet. denied) ("[a] licensed broker is liable to the commission, the public, and the broker's clients for any conduct engaged in under this chapter by the broker or by a salesperson associated with or acting for the broker."); Tex. Admin. Code Ch. 22, § 535.2 (providing that a broker is responsible for the acts of its sales agents, and may not relinquish overall responsibility for the supervision of its sponsored agents). Moreover, the agency rule of respondeat superior applies to copyright infringement, rendering the principal liable for the infringing acts of its agent, even if the principal did not commit the infringing act. *See, e.g., S. Miss. Planning & Dev. Dist., Inc. v. Robertson*, 660 F. Supp. 1057, 1062 (S.D. Miss.

1986) (citing *Sygma Photo News, Inc. v. High Society Magazine, Inc.*, 596 F. Supp. 28 (S.D.N.Y. 1984); *Shapiro v. H. L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963).

15. Stross attempted to obtain fair compensation for the unauthorized use of his Photo, but Gardner never responded to his correspondence, and PRA stopped communicating after January 28, 2019.

16. Stross now brings this suit for copyright infringement.

## COUNT 1:
## COPYRIGHT INFRINGEMENT

17. Stross realleges and incorporates herein the foregoing paragraphs.

18. By her actions alleged above, Defendant Gardner has infringed Stross' federally registered copyrights. Specifically, by copying, distributing and/or displaying the Photo without his consent, Gardner has infringed Stross' exclusive rights set forth in 17 U.S.C. § 106, and is liable therefor.

19. Upon information and belief, Gardner's actions constituted willful infringement of Stross' copyrights inasmuch as she knew, or had reason to know, that her actions constituted copyright infringement; and/or because she acted with reckless disregard of Stross' copyrights. For instance, upon information and belief, Gardner ignored Stross' licensing information, and published the Photo without attribution in an attempt to conceal her infringement.

20. As a result of the foregoing, Stross is entitled to actual damages plus profits of the Defendant; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## COUNT 2:
## VICARIOUS INFRINGEMENT

21. Stross realleges and incorporates herein the foregoing paragraphs.

22.     PRA is jointly and severally liable for Gardner's infringing acts because she was acting as PRA's sponsored agent at the time of infringement and/or because PRA had the right and ability to supervise Gardner's infringing activities,[2] and had a direct financial interest in those activities by virtue of the fees and/or commissions it derived in connection with her role as PRA's sponsored agent, and by virtue of the increased traffic and real estate leads that Garner and Pinnacle generated through her use of unlicensed photographs such as the photograph at issue.[3]

23.     Upon information and belief, PRA's actions constituted willful infringement of Stross' copyrights inasmuch as it knew, or had reason to know, that its agent's actions constituted copyright infringement; and/or because it acted with reckless disregard of Stross' copyrights by failing to adequately monitor and supervise the marketing activities of its sponsored agent Gardner.

24.     As a result of the foregoing, Stross is entitled to actual damages plus profits of the Defendant; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## COUNT 3:
## DMCA VIOLATION

25.     Stross realleges and incorporates herein the foregoing paragraphs.

---

[2] Indeed, Pinnacle had a _legal obligation_ to supervise Gardner's activities. *See* para 14, *supra*.
[3] *See* https://www.ihouseweb.com/blog/2016/08/how-to-manage-your-real-estate-website-leads/ (discussing the importance of real estate websites in generating leads); Sanette Tanaka, *20 Seconds for Love at First Sight*, Wall Street Journal, March 21, 2013, http://www.wsj.com/articles/SB10001424127887324077704578360750949646798 (noting that homebuyers spend 60% of their time reviewing photographs). *See, also Playboy Enters., Inc. v. Webbworld, Inc.*, 968 F. Supp. 1171, 1177 (N.D. Tex. 1997) (where the court found that the plaintiff's photographs acted as a draw for customers by enhancing "the attractiveness of [defendant's] website to potential customers.").

26. Upon information and belief, Gardner violated Section 1202 of the Digital Millennium Copyright Act ("DMCA") by omitting his copyright management information (consisting of his name and licensing information for the Photo), and/or by inserting false CMI near her display of the Photo in the form of a copyright notice reading "© 2018 Karmen Gardner & Zillow."  Courts recognize that the omission and/or falsification of CMI is a serious violation of copyright because it deprives the copyright owner of professional recognition, and makes it easier for other potential infringers to compound that injury. *See Reilly v. Plot Commerce*, No. 15-CV-05118 (PAE) (BCM), 2016 U.S. Dist. LEXIS 152154, at *21-22 (S.D.N.Y. Oct. 31, 2016 quoting Russell W. Jacobs, Copyright Fraud in the Internet Age, 13 Colum. Sci.& Tech. L. Rev. 97, 147 (Feb. 15, 2012) (section 1202 of the DMCA protects a copyright owner's "rights of integrity and attribution," which in turn protect against "the widespread dispersion of inauthentic copies").  Upon information and belief, the Gardner's actions were committed knowingly, and with the intent to induce, enable, facilitate and/or conceal infringement.

27. Upon information and belief, PRA had the right and/or ability to supervise and/or control the omission and/or falsification of Stross' CMI, and derived a direct benefit therefrom,[4] and is therefore vicariously liable for the violation of Section 1202 of the Digital Millennium Copyright.

28. As a result of the foregoing, Plaintiff is entitled to actual damages plus the profits of the Defendants; or in the alternative, statutory damages for each violation in an

---

[4] *See* ¶¶ 14, 22 & n. 3, *supra*.

amount no less than $2,500 and no more than $25,000, plus costs and attorney's fees. 17 U.S.C. § 1203(b)(4), (5) & (c).

### JURY DEMAND

29.     Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### PRAYER

Plaintiff prays for:

A.     An order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting the Photo;

B.     An award of actual damages and/or statutory damages under 17 U.S.C. § 504(c);

C.     An award to Plaintiff of his reasonable costs and attorney's fees under 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(4), (5) & (c);

D.     Prejudgment and post-judgment interest on any damage award as permitted by law; and

E.     Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Dated this 6th Day of May, 2019

**LAW OFFICE OF BUCK MCKINNEY, PC**

/s/ R. Buck McKinney
R. Buck McKinney
State Bar No. 00784572
408 W. 11th St., Fifth Floor
Austin, Texas 78701
Telephone:  512/236-0150
Fax:  512/444-1879
*mckinney@buckmckinney.com*
ATTORNEY FOR PLAINTIFF ALEXANDER STROSS