UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEXANDER BAYONNE STROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:19-CV-1086-G |
| PR ADVISORS, LLC, d/b/a PINNACLE | ) |
| REALTY ADVISORS, AND KARMEN | ) |
| GARDNER, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant PR Advisors, LLC, d/b/a Pinnacle Realty Advisors ("PRA"), to dismiss the plaintiff's claim for vicarious copyright infringement pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant PR Advisor[s]'s Notice of Motion and Motion to Dismiss Plaintiff's Original Complaint for Failure to State a Claim (docket entry 9). For the reasons set forth below, the motion is denied.

### I. BACKGROUND

This action arises from the alleged copyright infringement of a photograph of a house ("the photo"). The plaintiff, Alexander Stross, "is an accomplished photographer." Plaintiff's Original Complaint ("Complaint") (docket entry 1) at 2.

Stross's work has appeared in various publications and on various broadcast shows. *Id.* PRA is a Texas limited liability company and a real estate brokerage based in Dallas, Texas. *Id.* at 1-2. The other defendant in this case, Karmen Gardner, is a licensed real estate agent who is sponsored by PRA.[1] *Id.* at 2.

Stross is the sole author and creator of the photo at issue in this case, which depicts a house and its immediate surroundings. *See* Complaint at 2-3. The photo was registered with the U.S. Copyright Office on November 10, 2011. *Id.* at 2, n.1. As published by Stross, the photo appears with Stross's name and licensing information directly adjacent to the photo. *Id.* at 2-3 (depicting an image of the photo). In or around August, 2018, Stross discovered that Gardner was displaying the photo on her website, www.karmengardner.com, without permission. *Id.* at 3. Stross alleges that Gardner's website is a "Pinnacle Realty Advisors website." *Id.* In support of this allegation, the complaint contains an image from Gardner's website with a large "Pinnacle Realty Advisors" logo in the upper lefthand corner, alongside the words "Karmen Gardner | Realtor." *Id.* Stross's photo appears in the image from Gardner's website, but Stross's name and licensing information do not. *See id.* at 3,

---

[1] Gardner did not join in PRA's motion to dismiss, which is directed solely at the vicarious infringement claim that Stross asserts against PRA. *See generally* Memorandum of Points and Authorities in Support of Motion by Defendant PR Advisors, LLC to Dismiss Plaintiff's Original Complaint for Failure to State a Claim ("Motion") (docket entry 10).

7. At the bottom of the web page appear the words: "© Karmen Gardner & Zillow." *Id.*

## II. ANALYSIS

### A. Legal Standard

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id*. The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id*. at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (quoting Federal Rule of Civil Procedure 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" his claims against the defendant "across the line from conceivable to plausible." See *id*. at 679, 683.

B. Application

In his original complaint, the plaintiff asserts two claims against PRA: one for vicarious copyright infringement and the other for vicarious violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202 ("DMCA"). The defendant's motion to dismiss does not address the sufficiency of the plaintiff's allegations regarding the DMCA, *see* Motion at 7, and the court therefore declines to consider whether the plaintiff has stated a plausible right to relief under the DMCA. For the reasons discussed below, PRA's motion is denied.

Vicarious infringement is a "theor[y] of secondary liability for copyright infringement that 'emerged from common law principles and [is] well established in the law.'" *Leonard v. Stemtech International Inc.*, 834 F.3d 376, 386 (3d Cir. 2016) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)), *cert. denied*, – U.S. – , 138 S. Ct. 975 (2018). "Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001). "Thus, to prove a claim of . . . vicarious infringement, a plaintiff must first show direct infringement by a third party." *Stemtech*, 834 F.3d at 386 (citations omitted).

To state a claim for direct copyright infringement, a "plaintiff must demonstrate (1) ownership of a valid copyright and (2) 'actionable copying, which is the copying of constituent elements of the work that are copyrightable.'" *Software*

*Publishers Association v. Scott & Scott, LLP*, No. 3:06-CV-0949-G, 2007 WL 92391, at *6 (N.D. Tex. Jan. 11, 2007) (Fish, Chief J.) (quoting *Bridgmon v. Array Systems Corporation*, 325 F.3d 572, 576 (5th Cir. 2003)). "[T]he inquiry on a Rule 12(b)(6) motion to dismiss is whether the plaintiff has *pleaded*, not proven, these necessary elements." *Id.* (emphasis in original). To state a claim for vicarious copyright infringement, in addition to stating a claim for direct infringement by a third party, a plaintiff must demonstrate that "the defendant (1) had a direct financial interest in the infringing activity and (2) had the right and ability to supervise the infringing [third] party's acts which caused the infringement. Knowledge of the infringing activity is not required."[2] *ZeniMax Media, Inc. v. Oculus VR, LLC*, 166 F. Supp. 3d 697, 704 (N.D. Tex. 2015) (Solis, J.) (citations omitted).

Here, Stross has stated a claim for direct copyright infringement against Gardner. Stross alleges that he is the sole author and creator of the photo at issue, and that Gardner displayed the photo on her website, www.karmengardner.com,

---

[2] Some courts in this district and elsewhere have stated the second element of vicarious liability as the right and ability to *control* infringing activity, as opposed to *supervise* such activity. See, e.g., *AutoOpt Networks, Inc. v. GTL USA, Inc.*, No. 3:14-CV-1252-D, 2015 WL 407894, at *9 (N.D. Tex. Jan. 30, 2015) (Fitzwater, J.). Finding no meaningful distinction between these two phraseologies in the case law, the court will refer to the second element of vicarious liability as the "supervise or control" element.

without permission.[3] The court therefore concludes that the plaintiff has sufficiently pleaded his claim for direct infringement against Gardner.

The court next considers whether Stross has stated a claim for vicarious copyright infringement against PRA. Stross alleges that PRA had a direct financial interest in Gardner's infringing activity "by virtue of the fees and/or commissions [PRA] derived in connection with [Gardner's] role as PRA's sponsored agent, and by virtue of the increased traffic and real estate leads that Gar[d]ner and [PRA] generated through [Gardner's] use of" Stross's photo. Complaint at 6. Furthermore, Stross alleges that PRA had not only "the right and ability to supervise [Gardner]'s infringing activities," but also the legal obligation to do so. *See* Complaint at 4; 6, n.2. The plaintiff points to section 1101.803 of the Texas Real Estate License Act, which provides that "[a] licensed broker is liable to . . . the public . . . for any conduct engaged in under this chapter by . . . a sales agent associated with or acting for the broker." Tex. Occ. Code Ann. § 1101.803. The plaintiff also cites section 532.2 of the Texas Administrative Code, which provides in pertinent part that "[a] broker may

---

[3] Though plaintiffs need not provide evidence in support of their claims at the pleading stage, *see* Fed. R. Civ. P 8(a)(2), Stross bolsters his allegations by attaching a copyright registration certificate for the photo to his complaint. *See* Complaint, Exhibit A; *Harness v. Rossler*, No. 08-CV-0988-P, 2009 WL 10704475, at *4 (N.D. Tex. Mar. 31, 2009) (Solis, J.) ("A federal copyright registration certificate serves as prima facie evidence for the validity of a copyright."). The complaint also contains an image of Gardner's website alongside a copy of the photo, a comparison of which clearly indicates that the photo is posted on Gardner's website. *See* Complaint at 3.

delegate to another license holder the responsibility to assist in administering compliance with the Act and Rules, *but the broker may not relinquish overall responsibility for the supervision of license holders sponsored by the broker*." 22 Tex. Admin. Code § 535.2(e) (emphasis added).

Upon careful consideration of the pleadings and the parties' arguments, the court concludes that the plaintiff has stated a claim for vicarious copyright infringement against PRA. First, Stross has adequately alleged that PRA has a direct financial interest in Gardner's use of the photo on her website. Gardner is PRA's sponsored agent, and it is plausible that Gardner's use of the photo to enhance the appeal of her website provides both Gardner and PRA with a direct financial benefit in the form of increased business. See *Playboy Enterprises, Inc. v. Webbworld, Inc.*, 968 F. Supp. 1171, 1177 (N.D. Tex. 1997) (Saffels, J.) (finding the "financial interest" element of vicarious liability was satisfied where the "plaintiff's photographs enhanced the attractiveness of the [direct infringer's] website to potential customers").

Second, Stross's undisputed allegation that Gardner is a licensed real estate agent under PRA's sponsorship, coupled with PRA's statutory obligation to supervise Gardner's actions, are sufficient to state a plausible claim that PRA has the right and ability to supervise Gardner's infringing activity. See *Stemtech*, 834 F.3d at 388-89 (finding the "supervise or control" element of vicarious liability was satisfied where

the defendant "had the practical ability to police the [direct infringers'] conduct" on independent websites by "withholding compensation and access to back office support.") (internal citation omitted).

PRA argues that Stross has failed to adequately plead the supervise or control element of vicarious liability, asserting that Gardner is "solely responsible for the content of [her] own [website], including infringement of intellectual-property rights, and [PRA] has no control of" its agents' websites or their contents. Motion at 2, 4. PRA cites several Ninth Circuit cases in which the court found that the plaintiff failed to demonstrate that the alleged vicarious infringer had the requisite level of control over the direct infringer to sustain a claim of vicarious copyright infringement.[4] PRA asserts that under these cases, Stross's claim fails as a matter of law because PRA lacks "the legal right or practical ability to stop or limit Gardner's direct infringement," as the only step PRA could take to address direct infringement by one of its agents would be to "terminate its sponsorship of the agent." Motion at 5. The court is unpersuaded by this argument.

The parties dispute the level of supervision and control that PRA has the "right and ability" to exercise over Gardner's activity on her website, with Stross asserting that the website is a "Pinnacle Realty Advisors website," and PRA disclaiming all

---

[4] *See* Motion at 4-5 (citing *Routt v. Amazon.com, Inc.*, 584 F. App'x 713 (9th Cir. 2014); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007); *Perfect 10, Inc. v. Visa International Service Association*, 494 F.3d 788 (9th Cir. 2007)).

responsibility for the website.  Yet regardless of which party actually exercises direct control over the website, the fact remains that Gardner carried out the alleged copyright infringement on the website under the auspices of PRA's sponsorship, and PRA has a statutory obligation to supervise Gardner's conduct as a sponsored agent.  Moreover, although Gardner could hypothetically continue her alleged infringement in a different setting were PRA to terminate her sponsorship, the undisputed fact that PRA may terminate Gardner's sponsorship lends further support to the inference that PRA has the right and ability to supervise Gardner's infringing acts.  See *Stemtech*, 834 F.3d at 388-89; see also *UMG Recordings, Inc. v. Grande Communications Networks, LLC*, No. A-17-CA-365-LY, 2018 WL 1096871, at *10 (W.D. Tex. Feb. 28, 2018), *report and recommendation adopted*, No. 1:17-CV-365-LY, 2018 WL 1905124 (W.D. Tex. Mar. 28, 2018) (finding the fact that the defendant-internet service provider could "stop or limit the infringing conduct [of internet subscribers] by terminating its subscribers' internet access" was "clearly sufficient to state a claim on the [supervise or control] element of vicarious liability").  Thus, the court concludes that Stross has stated a claim for vicarious copyright infringement against PRA.

III.  CONCLUSION

In accordance with the foregoing, the defendant's motion to dismiss the plaintiff's claim for vicarious copyright infringement pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **DENIED**.

**SO ORDERED**.

October 31, 2019.

_____
**A. JOE FISH**
**Senior United States District Judge**